UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

KEVIN ADLER,

                                   Plaintiff,

                               -against-

SPI SOLAR, INC., SOLAR POWER, INC., STEVEN
KIRCHER, AMY LIU, and JOHN DOE 1-3 being
fictitious designations for three  defendants who have not
yet been identified

                                 Defendants.

------------------------------------------------------------------------x

16 Civ. 1635 (LTS) (GWG)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

**GORDON & REES, LLP**

ATTORNEYS FOR DEFENDANTS
ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269-5500
FAX:    (212) 269-5505

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL BACKGROUND....................................................................................2

ARGUMENT .....................................................................................................2

I.     SUMMARY JUDGMENT STANDARD OF REVIEW. ......................................2

II.    PLAINTIFF'S BREACH OF CONTRACT CLAIM (FIRST CAUSE OF ACTION) FAILS AS A MATTER OF LAW. .......................................................4

     A.    Standard Applicable to Breach of Contract Claims in New York ..............4

     B.    Plaintiff's Breach of Contract Claim Based on Solar Power's Alleged Failure to Pay Him an Annual Cash Bonus Should Be Dismissed Because the Requirements Necessary to Obtain a Cash Bonus Were not Met.........4

     C.    Plaintiff Cannot Establish the Formation of a Contract With Respect to the 490,000 Restricted Shares of Stock Identified in the Offer Letter. .............5

III.    PLAINTIFF'S CLAIM OF BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (SECOND CAUSE OF ACTION) FAILS AS A MATTER OF LAW........................................................................6

IV.    PLAINTIFF'S PURPORTED DEFEMATAION PER SE CLAIM AGAINST LIU ("THIRD CAUSE OF ACTION) FAILS A MATTER OF LAW..........................7

     A.    Standard Applicable to Defamation Claims in New York...........................7

     B.    Plaintiff's Defamation Claim is Based Solely on Inadmissible Hearsay, and Lacks Sufficient Specificity. ..............................................................8

     C.    LIU'S ALLEGED DEFAMATORY COMMENTS TO HECK, JAMIL AND MAUER ARE ENTITLED TO A QUALIFIED PRIVILEGE.........9

     D.    The Alleged Defamatory Statements Constitute Nonactionable Opinion. 10

     E.    The Alleged Defamatory Statements Are Not Actionable Per Se, and Plaintiff Has Failed To Present Any Evidence of Injury to His Reputation.11

V.    PLAINTIFF'S FRAUD CLAIM AGAINST KIRCHER (FOURTH CAUSE OF ACTION) FAILS AS A MATTER OF LAW. ....................................................13

     A.    Standard Applicable to Fraud Claims in New York ..................................13

     B.    Plaintiff's Fraud Claim Is Duplicative of His Breach of Contract Claim..14

C.      Incontrovertible Evidence In The Record Clearly Establishes That Kircher Did Not Make The Alleged Misrepresentations to Plaintiff.......................14

VI.     PLAINTIFF'S CLAIM OF FAILURE TO PAY WAGES UNDER THE NEW YORK LABOR LAW AND THE WAGE THEFT PREVENTION ACT (FIFTH CAUSE OF ACTION) FAILS AS A MATTER OF LAW. ...................................17

CONCLUSION.......................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Aslanidis v. United States Lines, Inc.,*
   7 F.3d 1067 (2d Cir. 1993) ........................................................................... 3

*Beautiful Jewellers Private Ltd. v. Tiffany & Co.,*
   06 Civ. 3085 (GBD), 2010 U.S. Dist. LEXIS 65870 (S.D.N.Y. June 25, 2010) ..................... 5

*Celle v. Filipino Reporter Enters. Inc.,*
   209 F.3d 163 (2d Cir. 2000) .......................................................................... 11

*Celotex v. Catrett,*
   477 U.S. 317 (1986) .................................................................................. 2

*Chandok v. Klessig,*
   632 F.3d 803 (2d Cir. 2011) ........................................................................... 9

*Coppola v. Bear Stearns & Co.*
   499 F.3d 144 (2d Cir. 2007) ........................................................................... 3

*Cruz v. Reiner,*
   11 Civ. 2131 (BMC), 2013 U.S. Dist. LEXIS 149199 (E.D.N.Y. Oct. 16, 2013) ................... 3

*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC,*
   631 F.3d 42 (2d Cir. 2011) ............................................................................ 4

*Dillon v. City of N.Y.,*
   261 A.D.2d 34 (N.Y. App. Div. 1st Dep't 1999) ...................................................... 7

*EQT Infrastructure Ltd. v. Smith,*
   861 F. Supp. 2d 220 (S.D.N.Y. 2012) ................................................................ 14

*Feist v. Paxfire, Inc.,*
   No. 11 Civ. 5436 (LGS), 2017 U.S. Dist. LEXIS 6397 (S.D.N.Y. 2017) ........................... 12

*Ferguson v. Sherman Square Realty Corp.,*
   30 A.D.3d 288 (1st Dep't 2006) ..................................................................... 12

*Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,*
   783 F.3d 395 (2d Cir. 2015) .......................................................................... 13

*Fin. Techs. Int'l, Inc. v. Smith,*
   247 F. Supp. 2d 397 (S.D.N.Y. 2002) ................................................................ 18

*Gottlieb v. Kenneth D. Laub & Co.,*
   82 NY2d 457 (NY Ct. of App. 1993) ............................................................. 17, 18

*Gurtler v. Union Parts Mfg. Co., Inc.,*
   285 A.D. 643 (N.Y. App. Div. 1st Dep't 1955) ...................................................... 12

*Harris v. Seward Park Hous. Corp.,*
   79 AD3d 425 (N.Y. App. Div. 1st Dep't 2010) ........................................................ 4

*Hawthorne Group, LLC v. RRE Ventures*,
 7 A.D.3d 320 (N.Y. App. Div. 1st Dep't 2004) ............................................... 6

*Hidden Brook Air, Inc. v. Thabet Aviation Int'l Inc.*,
 241 F. Supp. 2d 246 (S.D.N.Y. 2002) ................................................... 5, 6

*Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*,
 553 Fed. Appx. 37 (2d Cir. 2014) ......................................................... 4

*Jean-Joseph v. Walgreens, Inc.*,
 2011 U.S. Dist. LEXIS 121906 (E.D.N.Y. Oct. 21, 2011) ...................................... 7

*Jeffreys v. City of New York*,
 426 F.3d 549 (2d Cir. 2005) ............................................................... 3

*Knight v. U.S. Fire Ins. Co.*,
 804 F.2d 9 (2d Cir. 1986) ................................................................. 3

*Landesbank Baden-Württemberg v. Goldman Sachs & Co.*,
 821 F. Supp. 2d 616 (S.D.N.Y. 2011) .................................................... 13

*Liberman v. Gelstein*,
 80 N.Y.2d 429 (N.Y. 1992) ............................................................... 9

*Malinowski v. Wall St. Source, Inc.*,
 09 Civ. 9592 (PAE), 2012 U.S. Dist. LEXIS 11575 (S.D.N.Y. Jan. 31, 2012) ................... 17

*Mann v. Abel*,
 10 N. Y.3d 271 (2008) .................................................................. 11

*Massre v. Bibiyan*,
 2014 U.S. Dist. LEXIS 82444 (S.D.N.Y. June 16, 2014) ................................... 12

*MCM Prods. USA v. Botton*,
 No. 16 Civ. 1616 (RWS), 2016 U.S. Dist. LEXIS 127426 (S.D.N.Y. Sept. 16, 2016) ............ 8

*Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v. Fleming*,
 32 A.D.3d 566 (N.Y. App. Div. 3d Dep't 2006) ......................................... 17

*Minskoff v. American Exp. Travel Related Servs. Co.*,
 98 F.3d 703 (2d Cir. 1996) .......................................................... 5, 6

*O'Neill v. New York Univ.*,
 97 A.D.3d 199 (1st Dep't 2012) .......................................................... 9

*Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*,
 86 NY2d 685 (1995) ...................................................................... 4

*Pasternack v. Lab. Corp. of Am. Holdings*,
 27 N.Y.3d 817 (N.Y. Ct. of App. 2016) ............................................. 13, 16

*Peters v. Baldwin Union Free Sch. Dist.*,
 320 F.3d 164 (2d Cir. 2003) ............................................................. 7

*RJ Capital v. Lexington Capital Funding III, Ltd.*,
   No. 10 Civ. 24 PPG, 2011 WL 3251554 (S.D.N.Y. July 28, 2011) .......................................... 6

*Sandals Resorts Intl. Ltd. v Google, Inc.*,
   86 A.D.3d 32 (N.Y. App. Div. 1st Dep't 2011) ....................................................... 12

*Selvam v. Experian Info. Solutions, Inc.*,
   651 Fed. Appx. 29 (2d Cir. 2016) ..................................................................... 8

*Stern v. Cosby*,
   645 F. Supp. 2d 258 (S.D.N.Y. 2009) .......................................................... 11, 12

*Tacopina v. Kerik*,
   No. 14 Civ. 749 (LTS)(FM), 2016 U.S. Dist. LEXIS 44212 (S.D.N.Y. Mar. 31, 2016) ......... 11

*Tasso v. Platinum Guild Int'l*,
   94 Civ. 8288 (LAP), 1998 U.S. Dist. LEXIS 18908 (S.D.N.Y. Dec. 3, 1998) ................. 10, 11

*Thorsen v. Sons of Norway*,
   996 F. Supp. 2d 143 (E.D.N.Y. 2014) ................................................................. 9

*Torain v. Liu*,
   06 Civ. 5851 (GBD), 2007 U.S. Dist. LEXIS 60065 (S.D.N.Y. Aug. 16, 2007) ................... 11

*Transnational Mgmt. Sys. II, LLC v. Carcione*,
   No. 14 Civ. 2151 (KBF), 2016 U.S. Dist. LEXIS 167591 (S.D.N.Y. Dec. 5, 2016) ............. 14

*Weinstock v. Columbia Univ.*,
   224 F.3d 33 (2d Cir. 2000) ........................................................................... 3

*Woodberry v. Ford*,
   14 Civ. 04816 (KBF), 2017 U.S. Dist. LEXIS 5449 (S.D.N.Y. Jan. 13, 2017) .................... 13

*Yukos Capital S.A.R.L. v. Feldman*,
   No. 15 Civ. 4964 (LAK), 2016 U.S. Dist. LEXIS 3258 (S.D.N.Y. Jan. 7, 2016) ................... 8

*Zellner v. Summerlin*,
   494 F.3d 344 (2d Cir. 2007) ...................................................................... 3, 16

**Rules**

Federal Rules of Civil Procedure
   Rule 56 ................................................................................................ 2

Federal Rules of Civil Procedure
   Rule 9 ................................................................................................ 13

Local Civil Rule
   Rule 56.1 ............................................................................................. 2

## PRELIMINARY STATEMENT

As evidenced by the "NATURE OF THE ACTION" section of Plaintiff's Complaint, at the heart of this matter is "an action to enforce the terms of an employment contract."  Ex. A, Complaint, p. 1.[1]   However, Plaintiff, a former employee of Defendant Solar Power, who was terminated on September 30, 2015, asserts the following five causes of action against Defendants: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) defamation *per se* as against Defendant Amy Liu ("Liu"); (4) fraud as against Defendant Steve Kircher ("Kircher"); and (5) violation of the New York Labor Law ("NYLL").

With respect to his breach of contract claim, Plaintiff alleges that Solar Power breached his Offer Letter by failing to pay him an annual cash bonus, and by also failing to transfer to him various shares of stock.  However, Plaintiff's breach of contract claim fails because (1) the condition precedent necessary for him to receive the annual cash bonus never occurred, and (2) the shares of stock identified in Plaintiff's Offer Letter were never approved by Solar Power's board of directors (the "Board"), the only collective group with the authority to approve the issuance of stock.

With respect to the claim of breach of the implied covenant of good faith and fair dealing, that claim is duplicative of his breach of contract claim and should be dismissed.

As to the defamation *per se* claim against Liu, that claim fails as a matter of law for several reasons.  First,  it is based solely on inadmissible hearsay, and even more, lacks sufficient specificity as to the actual derogatory words uttered by Liu or the context in which they were uttered.  Second, any alleged defamatory comments made by Liu are entitled to a qualified privilege.  Third, any alleged defamatory comments made by Liu constitutes non-actionable

---

[1]    All references to exhibits are to those exhibits annexed to the Declaration of Kuuku Minnah-Donkoh, dated January 24, 2017.

opinion.  Fourth, the alleged defamatory statements are not actionable *per se*, and Plaintiff has failed to present any evidence addressing any resulting injury to his professional reputation.

With respect to the fraud claim against Kircher, that claim fails as a matter of law because it is duplicative of the breach of contract claim.  Further, the incontrovertible evidence establishes that Kircher was not the one who made the alleged misrepresentations that form the basis for Plaintiff's fraud claim.

Lastly, as to Plaintiff's claim of a violation of the NYLL, that claim fails because Plaintiff has failed to allege any substantive violation of Article 6 of the NYLL.

Accordingly, for the reasons set forth herein, Defendant is entitled to summary judgment, and Plaintiff's Complaint should be dismissed in its entirety.

## FACTUAL BACKGROUND

For a full statement of the material facts as to which there is no genuine issue to be tried, the Court is respectfully referred to Defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1, dated January 24, 2017 ("Defendants' 56.1 Statement").

## ARGUMENT

### I.      SUMMARY JUDGMENT STANDARD OF REVIEW.

The purpose of summary judgment is to isolate and terminate claims that are factually unsupported so as to avoid costly and unnecessary trials. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  As such, summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c)(2).  In that regard, a particular fact will be deemed "material" only if its existence or non-existence would "affect the outcome of the suit under governing law."  *Coppola v. Bear Stearns*

& Co., 499 F.3d 144, 148 (2d Cir. 2007) (citation and internal quotations omitted).  Likewise, an issue will only be considered "genuine" if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at 148 (citation and internal quotations omitted).  Thus, for factual issues to be considered genuine, they must have a real basis in the record.  Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).  "The requirement of detecting a genuine issue of fact finds substance in the principle that despite some evidence in opposition to a summary judgment motion, if 'no reasonable jury could have believed' the opponent's version of the events, summary judgment is appropriate."  Cruz v. Reiner, 11 Civ. 2131 (BMC), 2013 U.S. Dist. LEXIS 149199, at *7 (E.D.N.Y. Oct. 16, 2013) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)).

In order to withstand a motion for summary judgment, the plaintiff must "demonstrate more than some metaphysical doubt as to the material facts," and come forward with specific and admissible evidence showing a genuine issue for trial on each element of her claim.  Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993).  "[M]ere speculation or conjecture as to the true nature of the facts" will not overcome a motion for summary judgment.  Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986).  Moreover, even when a plaintiff appears to have shown that questions of material facts exist, the Second Circuit has held:

> While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether "the jury could reasonably find for the plaintiff," and thus whether there are any "genuine" issues of material fact, without making some assessment of the plaintiff's account.

Jeffreys v. City of New York, 426 F.3d 549 (2d Cir. 2005) (citation omitted); see also Zellner v. Summerlin, 494 F.3d 344, 371 (2d Cir. 2007) ("Incontrovertible evidence relied on by the

moving party … should be credited by the court on [a summary judgment] motion if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party.").

## II.   PLAINTIFF'S BREACH OF CONTRACT CLAIM (FIRST CAUSE OF ACTION) FAILS AS A MATTER OF LAW.

### A.   Standard Applicable to Breach of Contract Claims in New York.

The essential elements of a cause of action to recover damages for breach of contract under New York law are: 1) the formation of a contract between the parties; 2) the plaintiff's performance pursuant to the contract; 3) the defendant's failure to perform its contractual obligations; and 4) damages resulting from the breach.  *Harris v. Seward Park Hous. Corp.*, 79 AD3d 425, 426 (N.Y. App. Div. 1st Dep't 2010); *Hudson & Broad, Inc. v. J.C. Penney Corp., Inc.*, 553 Fed. Appx. 37, 38 (2d Cir. 2014); *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011).

### B.   Plaintiff's Breach of Contract Claim Based on Solar Power's Alleged Failure to Pay Him an Annual Cash Bonus Should Be Dismissed Because the Requirements Necessary to Obtain a Cash Bonus Were not Met.

"A condition precedent is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 (1995) (quotations and citations omitted).   "Express conditions are those agreed to and imposed by the parties themselves … and must be literally performed."  *Id*.  Here, Plaintiff's Offer Letter provided that he was entitled to a cash bonus of at least 25% of his annual salary "upon the achievement of certain goals as *mutually agreed to by him and Solar Power in January of each calendar year*." *See* Defendants' 56.1 Statement, ¶ 43 (emphasis added).   However, since Plaintiff was only employed from April 2015 through September 2015, it is axiomatic that there were no goals

mutually agreed to by him and Solar Power in January 2015 that would have potentially entitled him to an annual cash bonus.  Accordingly, Plaintiff's breach of contract claim based on Solar Power's alleged failure to pay him an annual cash bonus should be dismissed.

### C.    Plaintiff Cannot Establish the Formation of a Contract With Respect to the 490,000 Restricted Shares of Stock Identified in the Offer Letter.

The requirements for the formation of a contract are: 1) at least two parties with legal capacity to contract, 2) mutual assent to the terms of the contract, and 3) consideration.  *Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, 06 Civ. 3085 (GBD), 2010 U.S. Dist. LEXIS 65870, at *6 (S.D.N.Y. June 25, 2010) (citations omitted).

Xiofeng Peng ("Chairman Peng"), the chairman of Solar Power, testified that any agreements or contracts calling for shares of stock to be issued had to be approved by the Board.  *See* Defendants 56.1 Statement, ¶ 45.  However, here, Plaintiff's Offer Letter was never submitted to the Board for approval of the restricted shares of stock identified in the Offer Letter.  *Id*. at ¶ 46.  Further, nothing in the record suggests that anyone outside of the collective Board had actual or apparent authority to agree on behalf of Solar Power to grant Plaintiff the shares of stock identified in Plaintiff's Offer Letter.

An agent may have either actual or apparent authority to enter into a contract binding the principal. Actual authority, which may be express or implied, "exists when an agent has the power 'to do an act or to conduct a transaction on account of the principal which, with respect to the principal, he is privileged to do *because of the principal's manifestation to him*.'"  *Hidden Brook Air, Inc. v. Thabet Aviation Int'l Inc.*, 241 F. Supp. 2d 246, 260 (S.D.N.Y. 2002) (emphasis added) (quoting *Minskoff v. American Exp. Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996)).  Apparent authority "'arises from the written or spoken words or any other conduct of the principal which, reasonably interpreted, causes [a] third person to believe that the

principal consents to have [an] act done on his behalf by the person purporting to act for him.'"
*Hidden Brook Air, Inc.*, 241 F. Supp. 2d at 260 (alteration in original) (quoting *Minskoff*, 98 F.3d at 708).

Here, the record is devoid of any evidence establishing that the Board granted anyone actual authority to agree on behalf of Solar Power to grant Plaintiff the shares of stock identified in his Offer Letter.  Moreover, the record is devoid of any evidence from which it can be reasonably interpreted that anyone outside of the collective Board had apparent authority to agree on behalf of Solar Power with respect to the shares of stock in question.  Accordingly, Plaintiff's breach of contract claim based on Solar Power's alleged failure to transfer shares of stock to him should be dismissed.

## III.   PLAINTIFF'S CLAIM OF BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (SECOND CAUSE OF ACTION) FAILS AS A MATTER OF LAW.

Plaintiff's claim for breach of the implied covenant of good faith and fair dealing essentially seeks the same damages as his breach of contract claim.  *See* Ex. A, Complaint at ¶¶ 130-134.  However, "[a] cause of action for breach of the implied duty of good faith and fair dealing cannot be maintained where the alleged breach is intrinsically tied to the damages allegedly resulting from a breach of the contract."  *Hawthorne Group, LLC v. RRE Ventures*, 7 A.D.3d 320, 323 (N.Y. App. Div. 1st Dep't 2004) (internal quotations omitted); *see also RJ Capital v. Lexington Capital Funding III, Ltd*., No. 10 Civ. 24 PPG, 2011 WL 3251554, at *13 (S.D.N.Y. July 28, 2011) (A claim for breach of the covenant of good faith and fair dealing is duplicative of a breach of contract claim where a written agreement governs the subject matter of the claim).  Accordingly, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed.

## IV. PLAINTIFF'S PURPORTED DEFAMATION *PER SE* CLAIM AGAINST LIU ("THIRD CAUSE OF ACTION) FAILS A MATTER OF LAW.

### A. Standard Applicable to Defamation Claims in New York.

"Under New York law, the elements of a defamation claim are 'a false statement, published without privilege or authorization to a third party, constituting fault . . . and it must either cause special harm or constitute defamation per se." *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003) (quoting *Dillon v. City of N.Y.*, 261 A.D.2d 34 (N.Y. App. Div. 1st Dep't 1999)).  Notably, "'defamation per se' is an element of a defamation claim, not a separate cause of action." *Jean-Joseph v. Walgreens, Inc.*, 2011 U.S. Dist. LEXIS 121906, at *5-6 fn 3 (E.D.N.Y. Oct. 21, 2011).   Here, Plaintiff pleaded only a cause of action for defamation *per se*, not for defamation.  *See* Ex. A, Complaint at p. 18.   Accordingly, Plaintiff's purported cause of action for defamation *per se* should be dismissed as a matter of law on that ground alone.

Even if Plaintiff is deemed to be asserting a claim for defamation: (1) the claim fails nonetheless because it is based solely on inadmissible hearsay, and even more, lacks sufficient specificity as to the actual derogatory words uttered by Liu or the context in which they were uttered; (2) the claim fails because any alleged defamatory comments made by Liu are entitled to a qualified privilege; (3) the claim fails because any alleged defamatory comments made by Liu constitutes an opinion; (4) the claim fails because the alleged defamatory statements are not actionable *per se*, and Plaintiff has failed to present any evidence addressing any resulting injury to his professional reputation.

**B.    Plaintiff's Defamation Claim is Based Solely on Inadmissible Hearsay, and Lacks Sufficient Specificity.**

"A complaint alleging defamation must give the defendant sufficient notice of the communications complained of to enable [her] to defend [herself]." *MCM Prods. USA v. Botton*, No. 16 Civ. 1616 (RWS), 2016 U.S. Dist. LEXIS 127426, at *13 (S.D.N.Y. Sept. 16, 2016) (internal quotations omitted); *see also Yukos Capital S.A.R.L. v. Feldman*, No. 15 Civ. 4964 (LAK), 2016 U.S. Dist. LEXIS 3258, 4-5 (S.D.N.Y. Jan. 7, 2016) (same). "[T]o establish a claim for defamation, the complaint must identify (1) the allegedly defamatory statements; (2) the person who made the statements; (3) the time when the statements were made; and, (4) the third parties to whom the statements were published." *Yukos Capital*, *supra*, 2016 U.S. Dist. LEXIS 3258, at *5. Here, Plaintiff alleged "[u]*pon information and belief*, as informed by several [Solar Power] employees, [that] Liu ha[d] made many unfavorable and untrue comments about [him] including that he is a liar, he is untrustworthy, self-dealing, horrible, unfair, fraudulent, conspiratorial, and that he is not competent in his job." Ex. A, Complaint, at ¶ 113 (emphasis added). Aside from the vague allegations in the Complaint regarding the alleged defamatory comments, the Complaint also fails to allege the time when the statements were made or to whom the statements were made. *Id.*

At his deposition in this matter, Plaintiff testified he has no personal knowledge of any alleged defamatory statements made about him by Liu.[2] *See* Defendants' 56.1 Statement, ¶ 49. Rather, Plaintiff testified, the only sources of his information are William Heck ("Heck"), Tamiur Jamil ("Jamil"), and Sharon Mauer ("Mauer"), all of whom were Solar Power employees at the time the alleged defamatory statements were made. *Id.* at ¶ 54. Plaintiff testified he was

---

[2]    [T]he party opposing summary judgment cannot rely on inadmissible hearsay in opposing a motion for summary judgment. *Selvam v. Experian Info. Solutions, Inc.*, 651 Fed. Appx. 29, 31-32 (2d Cir. 2016).

told by Heck in or around late July 2015 that the latter had a single meeting with Liu in or around July 2015 during which Liu in sum and substance: called Plaintiff a liar; called Plaintiff a bad person; stated they were going to get rid of Plaintiff; and stated Plaintiff was untrustworthy.  Id. at ¶ 51.  Notably, Plaintiff testified that he could not provide any direct quotes of any alleged defamatory statements made by Liu to Heck.  *Id*. at ¶ 52.  As to Jamil and Mauer, Plaintiff testified that also in or around late July 2015, Liu made essentially the same "general category" of comments to them as she had made to Heck.  *Id*. at ¶ 53.

In sum, Plaintiff's defamation claim is based solely on inadmissible hearsay, and even more, lacks any specificity as to the actual derogatory words uttered by Liu or the context in which they were uttered.  Accordingly, Plaintiff's defamation claim should be dismissed on these grounds.

### C.   LIU'S ALLEGED DEFAMATORY COMMENTS TO HECK, JAMIL AND MAUER ARE ENTITLED TO A QUALIFIED PRIVILEGE.

Assuming *arguendo* that Plaintiff did set forth the alleged defamatory statements made by Liu with the requisite specificity and context, which he has not, and that the statements were false, the statements would still be entitled to the qualified privilege protection.  Specifically, New York affords a qualified privilege to defamatory "'communication[s] made by one person to another upon a subject in which both have an interest.'"  *Chandok v. Klessig*, 632 F.3d 803, 815 (2d Cir. 2011) (quoting *Liberman v. Gelstein*, 80 N.Y.2d 429, 437 (N.Y. Ct. of App. 1992); *see also O'Neill v. New York Univ.*, 97 A.D.3d 199, 212 (1st Dep't 2012) (same).  "New York courts apply the common interest privilege in a variety of situations, including where members of an organization discuss among themselves matters of concern to the organization."  *Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 174 (E.D.N.Y. 2014) (quotations and citation omitted).  "Such common interest privilege regularly is found where the speaker and the listeners were

generally members of a group or organization—which undoubtedly suggested a robust common interest existed." *Id.* (quotations and citation omitted).  *See also Tasso v. Platinum Guild Int'l*, 94 Civ. 8288 (LAP), 1998 U.S. Dist. LEXIS 18908, at *15-18 (S.D.N.Y. Dec. 3, 1998) (finding statements that plaintiff was "dishonest, unethical, untrustworthy and unprofessional" and "incompetent" to be nonactionable opinion and/or protected by the qualified privilege of common interest).

Here, it is irrefutable that at the time the alleged defamatory statements were made by Liu, she and the three individuals to whom she allegedly made the statements were employed by Solar Power.  Specifically, Liu held the position of CFO; Heck held the position of Vice President, Technical Review and Due Diligence; Jamil held the position of Vice President, Head of Capital Markets; and Mauer held the position of Vice President and Corporate Counsel.  *See* Defendants' 56.1 Statement ¶¶ 28, 38-40.  Moreover, it is irrefutable that almost identical to Adler's main duties and responsibilities, Heck's, Jamil's and Mauer's main duties and responsibilities were to, *inter alia*, "assist in the formation, development, implementation and operations of a diversified portfolio of contracted renewable and conventional generation and thermal infrastructure assets in the form of a [Yieldco]."  *Id.* at ¶¶ 36, 41.  Thus, it is also irrefutable that the alleged defamatory statements made by Liu to Heck, Jamil, and Mauer involved a matter of common interest to all involved.  Accordingly, Plaintiff's defamation claim should be dismissed because the alleged defamatory statements made by Liu are protected by New York's qualified privilege.

**D.    The Alleged Defamatory Statements Constitute Nonactionable Opinion.**

In addition to the alleged defamatory statements made by Liu being protected by a qualified privilege, they also constitute nonactionable opinion.  Whether a statement is one of

fact or opinion is a question of law. *See Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 178 (2d Cir. 2000). "Expressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation." *Mann v. Abel*, 10 N. Y.3d 271, 276 (2008). *See also Torain v. Liu*, 06 Civ. 5851 (GBD), 2007 U.S. Dist. LEXIS 60065, at 9-10 (S.D.N.Y. Aug. 16, 2007) (opinions are immune from all defamation claims, even claims of *per se* defamation"). Here, the alleged defamatory statements made by Liu, that Plaintiff is in sum and substance a bad person and untrustworthy, are merely opinions. *See Tasso*, 1998 U.S. Dist. LEXIS 18908, at *15-18 (S.D.N.Y. Dec. 3, 1998) (finding statements that plaintiff was "dishonest, unethical, untrustworthy and unprofessional" and "incompetent" to be nonactionable opinion) (collecting cases). Accordingly, Plaintiff's claim of defamation should be dismissed on this ground as well.

### E.   The Alleged Defamatory Statements Are Not Actionable *Per Se*, and Plaintiff Has Failed To Present Any Evidence of Injury to His Reputation.

"The New York Court of Appeals has recognized four categories of statements as defamatory per se: (1) those that accuse the plaintiff of a serious crime; (2) those that tend to injure another in his or her trade, business or profession; (3) those that accuse the plaintiff of having a loathsome disease; and (4) those that impute unchastity to a woman." *Tacopina v. Kerik*, No. 14 Civ. 749 (LTS)(FM), 2016 U.S. Dist. LEXIS 44212, at *12 (S.D.N.Y. Mar. 31, 2016) (citing *Liberman*, 80 N.Y.2d 429 at 435). "Determining whether a statement is defamatory per se is a question of law for the Court." *Id.* (quoting *Stern v. Cosby*, 645 F. Supp. 2d 258, 288 (S.D.N.Y. 2009).

"To find that a statement qualifies as one that tends to injure another in his or her 'trade, business, or profession,' the statement must be made with reference to a matter of significance

and importance for [the operation of the business], rather than a more general reflection upon the plaintiff's character or qualities." *Id*. (alteration in original) (quotations and citation omitted).

"New York courts have held that it is not the case that 'any words spoken to the disparagement of a professional man will ipso facto be actionable per se . . . It is not sufficient that [such words] tend to injure plaintiff in his business, they must have been spoken of him in his business.'" *Id*. at *14 (quoting *Gurtler v. Union Parts Mfg. Co., Inc.*, 285 A.D. 643, 646 (N.Y. App. Div. 1st Dep't 1955)).  Stated differently, the "allegedly defamatory statement must be targeted at specific standards of performance that are directly relevant to the plaintiff's business …" *Id*. at *12-13.  Here, the alleged general defamatory statements, which lack any context, are a general reflection upon Plaintiff's character or qualities.  *Id*. at *12 (the alleged defamatory statements must be more than a general reflection upon the plaintiff's character or qualities).  Accordingly, the alleged defamatory statements are not actionable *per se*.

Even assuming *arguendo* that the alleged defamatory statements are actionable *per se*, the defamation claim fails nonetheless because Plaintiff has failed to present any evidence addressing any injury to his professional reputation.  "While a pleading of special damages is not necessary in a case of defamation per se, there must be something that addresses the element of injury to reputation." *Sandals Resorts Intl. Ltd. v Google, Inc.*, 86 A.D.3d 32, 39 (N.Y. App. Div. 1st Dep't 2011); *see also Feist v. Paxfire, Inc.*, No. 11 Civ. 5436 (LGS), 2017 U.S. Dist. LEXIS 6397, at *23 (S.D.N.Y. 2017) (same) (quoting *Sandals Resort Intl., Ltd.*); *Massre v. Bibiyan*, 2014 U.S. Dist. LEXIS 82444, at *11 (S.D.N.Y. June 16, 2014) (same) (quoting *Sandals Resort Intl., Ltd.*); *Ferguson v. Sherman Square Realty Corp.*, 30 A.D.3d 288, 289 (1st Dep't 2006) (holding that the plaintiffs did not state a cause of action for defamation *per se* where the complaint did not show that the alleged defamatory statements were damaging to their

professional reputations). Here, the record lacks any evidence addressing any injury to Plaintiff's professional reputation. That incurable deficiency serves as yet another basis to dismiss Plaintiff's defamation claim.

## V.   PLAINTIFF'S FRAUD CLAIM AGAINST KIRCHER (FOURTH CAUSE OF ACTION) FAILS AS A MATTER OF LAW.

Plaintiff's fraud claim is asserted against Kircher only, and no other Defendant. *See* Ex. A, Complaint at ¶¶ 142-153.

### A.   Standard Applicable to Fraud Claims in New York.

"The elements of a fraud cause of action consist of a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 827 (N.Y. Ct. of App. 2016) (alteration in original) (internal quotation marks and citations omitted); *see also Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015) (same).[3]

"It is black letter law in New York that a claim for common law fraud will not lie if the claim is duplicative of a claim for breach of contract[.]" *Woodberry v. Ford*, 14 Civ. 04816 (KBF), 2017 U.S. Dist. LEXIS 5449, at *15 (S.D.N.Y. Jan. 13, 2017) (alteration in original) (quotations and citation omitted); *see also Transnational Mgmt. Sys. II, LLC v. Carcione*, No. 14

---

[3]   The Federal Rules of Civil Procedure set forth a heightened pleading standard for fraud claims, requiring plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Specifically, the complaint must identify specific fraudulent statements and "explain why the statements were fraudulent," *Landesbank Baden-Württemberg v. Goldman Sachs & Co.*, 821 F. Supp. 2d 616, 621 (S.D.N.Y. 2011), in addition to alleging facts that give rise to a "strong inference" of fraudulent intent, *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52 (2d Cir. 1995). A plaintiff cannot "base claims of fraud on conclusory allegations." *Id.* Here, the allegations in the Complaint were entirely conclusory and failed to identify any fraudulent statements with sufficient specificity. *See generally*, Ex. A, Complaint.

Civ. 2151 (KBF), 2016 U.S. Dist. LEXIS 167591, at *18 (S.D.N.Y. Dec. 5, 2016) (same) (quoting *EQT Infrastructure Ltd. v. Smith*, 861 F. Supp. 2d 220, 233 (S.D.N.Y. 2012).

**B.     Plaintiff's Fraud Claim Is Duplicative of His Breach of Contract Claim.**

Plaintiff claims that prior to him joining Solar Power (1) Kircher, to the extent he did not have authority to transfer stock rights to Plaintiff, misrepresented his authority to Plaintiff by executing the Offer Letter; (2) Kircher misrepresented to Plaintiff that Solar Power had 1.5 billion in credit lines that could be used to acquire renewable energy assets in the US; and (3) Kircher misrepresented to Plaintiff that Solar Power had free and clear eligible renewable energy projects in Hawaii, New Jersey, California, and the UK that could be contributed to the Yieldco strategy.  *See* Ex. A, Complaint at ¶¶ 143-145.  Here, the allegations in support of Plaintiff's fraud claim are intertwined and part of the same allegations in support of his breach of contract claim.  Indeed, in the section of the Complaint titled "NATURE OF THE ACTION", Plaintiff states that "[t]his is an action to enforce the terms of an employment contract seeking unpaid compensation …" *Id*. at p. 1.  There is no mention of his fraud claim.  *Id*.

Accordingly, Plaintiff's fraud claim should be dismissed as duplicative of the breach of contract claim.

**C.     Incontrovertible Evidence In The Record Clearly Establishes That Kircher Did Not Make The Alleged Misrepresentations to Plaintiff.**

In his Complaint, Plaintiff alleged that "[o]n or about March 16, 2015, *Peng, Cheong, and Ka of [Solar Power]* met in New York City with [Plaintiff] …" *See* Ex. A, Complaint at ¶ 29 (emphasis added).  Plaintiff also alleged that during that particular mid-March 2015 meeting, "[Solar Power] represented that … it … had available open lines of credit in China of 1.5 Billion U.S. dollars that … that could be used in the United States." *Id* at ¶ 30.  Plaintiff also alleged that "[at] the time of the March Meeting, [Solar Power] further represented that it had a

significant number of operating solar and wind projects and solar projects in development in the continental United States, Hawaii and the United Kingdom … that it could commit to the YieldCo Strategy." *Id.* at ¶ 33.  Notably, Plaintiff did not allege that Kircher was present during that mid-March 2015 meeting.  Rather, he alleged that Peng, Cheong and Ka were the representatives from Solar Power present during that meeting. *Id.* at ¶ 29.

Moreover, at his deposition in this matter Plaintiff confirmed on numerous occasions that Kircher was neither present for that mid-March 2015 meeting nor made any representations regarding Solar Power's financial assets or solar projects. *See* Ex. C, Plaintiff's Deposition, 42:11-43:21, 45:20-47:7, 49:2-50:24, 57:18-61:5, 66:5-24.  To the contrary, Plaintiff testified in no uncertain terms that during that mid-March 2015 meeting it was only Peng who discussed Solar Power's assets, and that it was Peng, Cheong and Ka who discussed Solar Power's projects. *Id.*[4]

Ka testified that at no point in time during discussions between Solar Power and Plaintiff did Kircher represent that Solar Power had a $1.5 billion credit line that could be used to acquire renewable energy assets in the United States. *See* Defendants' 56.1 Statement, ¶ 26.  Ka also testified that to his knowledge at no point in time during discussions between Solar Power and Plaintiff did Kircher make any misrepresentations to Plaintiff regarding Solar Power's financial assets or owned projects. *Id.* at ¶ 27.

For more evidence eviscerating Plaintiff's present claim that Kircher made misrepresentations regarding Solar Power's financial assets and projects, the Court need not look any further than Plaintiff's email to Kircher dated August 12, 2015.  In that email, written just five months after the mid-March 2016 meeting, Plaintiff stated there as well that it was Peng,

---

[4]      Although irrelevant because Plaintiff's fraud claim is asserted only against Kircher, Defendants do not concede that Peng or Cheong made any misrepresentations to Plaintiff.

15

Cheong and Ka who had discussed Solar Power's assets and projects.  Specifically, Plaintiff stated, "During this [March 2015] meeting, the Chairman … emphatically expressed … a commitment to post cash collateral that would be required to secure a warehouse and cash to acquire operating projects.  In addition, the Chairman, HK [Cheong] and Henry Ka all discussed projects that [Solar Power] could contribute to the YieldCo."  *Id*. at ¶ 25.

The incontrovertible evidence in the record, including Plaintiff's own words, thus establishes that Kircher did not make any representations, or misrepresentations for that matter, to Plaintiff.  *See Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007) ("Incontrovertible evidence relied on by the moving party … should be credited by the court on [a summary judgment] motion if it so utterly discredits the opposing party's version that no reasonable juror could fail to believe the version advanced by the moving party").

Plaintiff's claim that Kircher, to the extent he did not have authority to transfer stock rights to Plaintiff, misrepresented his authority to Plaintiff by executing the Offer Letter, is also meritless.   First, the Offer Letter does not state that Kircher would personally transfer shares of stock to Plaintiff.  More importantly, as even alleged by Plaintiff in the Complaint, Kircher executed the Offer Letter at the direction of and with the express written authorization of Liu, Solar Power's then Chief Financial Officer.  *See* Defendants' 56.1 Statement, ¶ 33.  Plaintiff has failed to present any evidence establishing that at the time Kircher signed the Offer Letter Kircher knew the shares of stock identified in the Offer Letter had not been approved by the Board.  *See Pasternack*, *supra*, 27 N.Y.3d at 827 (to establish a fraud claim a plaintiff must show, *inter alia*, that the alleged misrepresentation was false and known to be false by the defendant).

Accordingly Plaintiff's fraud claim, which was asserted only against Kircher, should be

dismissed.

**VI.    PLAINTIFF'S CLAIM OF FAILURE TO PAY WAGES UNDER THE NEW YORK LABOR LAW AND THE WAGE THEFT PREVENTION ACT (FIFTH CAUSE OF ACTION) FAILS AS A MATTER OF LAW.**

Plaintiff alleges that Solar Power violated the Offer Letter and the NYLL by (1) failing to transfer stock to him, and (2) failing to pay him a $55,000 cash bonus.  *See* Ex. A, Complaint, at ¶¶ 57, 120, 128, 155-156.  Plaintiff also alleges that Solar Power failed to provide him with various notices, ostensibly under the WTPA.  *Id*. at ¶¶ 158-160.[5]  As an initial matter, Defendants' reiterate their arguments in Point II above concerning Plaintiff's breach of contract claim.  In any event, even if there is a finding in favor of Plaintiff on his breach of contract claim, his claims under the NYLL nonetheless fail for the reasons discussed below.

As to Plaintiff's vague NYLL claim, the Complaint fails to cite any specific section of the NYLL that was allegedly violated by Solar Power.  *Id*. at ¶¶ 154-163.  In *Miles A. Kletter, D.M.D. & Andrew S. Levine, D.D.S., P.C. v. Fleming*, 32 A.D.3d 566 (N.Y. App. Div. 3d Dep't 2006)*,* the court stated:

> The statutory remedies [available under Article 6 of the NYLL] are unavailable where, as here, the claim for unpaid work is 'a common-law contractual remuneration claim' and no substantive violation of article 6 is alleged.

*Id*. at 567 (citing *Gottlieb v. Kenneth D. Laub & Co.*, 82 NY2d 457, 465 (NY Ct. of App. 1993)).  *See also Malinowski v. Wall St. Source, Inc.*, 09 Civ. 9592 (PAE), 2012 U.S. Dist. LEXIS 11575, *7-8 (S.D.N.Y. Jan. 31, 2012) ("Section 198 of Article 6, entitled 'Costs, remedies,' outlines the remedies due upon a successful showing of a violation of the article … [b]ut the remedies supplied by § 198 of Article 6 are available only when a claimant has established a violation of his rights under a substantive portion of Article 6"); *Fin. Techs. Int'l, Inc. v. Smith*, 247 F. Supp.

---

[5]    The WTPA is incorporated into the NYLL, and is not a stand-alone statute.

2d 397, 413 (S.D.N.Y. 2002) ("[t]he remedies of section 198 [of Article 6] may not be invoked when the claim is in substance a contract claim to enforce the payment of obligations other than statutory wages") (citing *Gottlieb*, 82 N.Y.2d 457, 462-63).

Here, the NYLL is inapplicable because Plaintiff has failed to allege any substantive violation of Article 6 of the NYLL.  While Plaintiff does allege that Solar Power failed to pay him a bonus and transfer to him stock due under the Offer Letter, he has not and cannot claim that Solar Power at any time failed to pay him statutory wages.  Plaintiff's duplicative claim under the NYLL is just a transparent attempt to reformulate his common-law contractual remuneration claim. Accordingly, Plaintiff's claim for failure to pay wages under the NYLL should be dismissed.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that their motion for summary judgment be granted, that the Complaint be dismissed in its entirety, and for such other and further relief to which Defendants have showed themselves justly entitled.

Dated: January 24, 2017
          New York, New York

Respectfully Submitted,

GORDON & REES, LLP


By:   */s/  Kuuku Minnah-Donkoh*
Mercedes Colwin
Kuuku Minnah-Donkoh
One Battery Park Plaza, 28th Floor
New York, NY  10004
(212) 269-5500

*Attorneys for Defendants*

18