UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

KEVIN ADLER,

       Plaintiff,

  -v-                                                        No. 16 CV 1635-LTS-GWG

SOLAR POWER, INC., et al.,

       Defendants.

-------------------------------------------------------x

## Order

        Before the Court is Defendants' Letter Motion to Seal Documents (Docket Entry No. 156) that were previously submitted under seal to the Court without leave in connection with Defendants' motion for reconsideration (Docket Entry No. 150), as well as Plaintiff's letter in opposition. (Docket Entry No. 157.) Defendants request that the documents referenced in paragraph two of their motion for reconsideration – the Peng Declaration and Exhibits which were required to be filed in unredacted form by the Court's August 7, 2019, order (Docket Entry No. 153) – be sealed in their entirety because they were submitted and considered in connection with pre-judgment attachment rather than the Court's determination of the underlying merits of the action, and because they contain financial records of third parties as well as confidential agreements and settlement agreements between Defendants and third parties not before the Court. (Docket Entry No. 156.)

        The public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (footnotes omitted). The weight given to the presumption of public access is determined

by reference to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir.1995) ("Amodeo II").  Once determined, the weight of the presumption is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'"  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting Amodeo II, 71 F.3d at 1049).  The competing "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation," S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001), particularly when the "[f]inancial records of a wholly owned business" are at issue.  Amodeo, 71 F.3d at 1051.  The Court must also weigh the public's interest in settlement of litigation against the presumption of access.  See United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 857 (2d Cir. 1998).

In addition to the common law right of access, the public has a First Amendment right of access to judicial documents, a right that is "stronger" than the common law right. U.S. v. Erie Cnty., N.Y., 763 F.3d 235, 239 (2d Cir. 2014).  Determining whether the First Amendment right of access attaches requires considering "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)."  Id. (quoting Lugosch, 435 F.3d at 120.)  If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Erie, 763 F.3d at 239 (internal modifications omitted).

The Defendants' motion to seal is granted as to each of the Exhibits to the Peng Declaration but is denied as to the Peng Declaration. That Declaration presents summary information regarding Defendants' financial status that was the basis of Defendants' request for relief from the Court, and does not present detailed information regarding third party finances or agreements. The presumption of access is overcome with respect to the Exhibits, which detail transactions in financial accounts and include confidential agreements and settlement agreements with third parties, but is not overcome as to the content of the Peng Declaration.

Accordingly, the sealed filing of Exhibits to the Peng Declaration will be continued and the unredacted Peng Declaration will remain on the public docket.

This Order resolves Docket Entry No. 156.

SO ORDERED.

Dated: New York, New York
August 22, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge